OPINION
Plaintiff Ali Trosse appeals a summary judgment of the Court of Common Pleas of Tuscarawas County, Ohio, entered in favor of defendant Nationsrent of Ohio, Inc. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT, IN THAT THE GRANTING OF DEFENDANT/APPELLEE'S MOTION FOR SUMMARY JUDGMENT WAS CONTRARY TO LAW.
The record before us is scanty. Appellant's complaint alleged he rented a 16 inch chain saw from appellee. While appellant was using it, the chain broke, injuring appellant's hand and leg. Appellant alleged appellee had impliedly warranted the chain saw to be merchantable and fit for the ordinary purposes for which chain saws are used, and was negligent in inspecting and maintaining the chain saw. Appellant alleged appellee failed to adequately warn him of potential dangers, and also alleged the chain saw had defects which were known or should have been known to appellee. Appellee's answer contained a general denial for lack of knowledge and information, and alleged appellant was negligent in the operation of the chain saw, which proximately caused his injuries. In support of its motion for summary judgment, appellee filed a memorandum with a copy of the rental agreement attached thereto as exhibit "A". This contract was apparently provided to appellant in answer to interrogatories, and no other evidence was submitted with it. Although appellee refers to the document as "signed contract" our review of the document disclosed no signature on the line for the renter or his authorized agent. The face of the contract appears to be a receipt, and contains a notation in small print the renter specifically agrees to be bound by all the terms and conditions listed on both sides of the contract, and affirms that the equipment was received in good condition. The back of contract contains 22 paragraphs, in small print, which assert, inter alia, that the lessee acknowledges he had an opportunity to personally inspect the property and acknowledges it is in good condition. The contract provides the lessee understands the proper use of the equipment. The contract also contains a paragraph providing the property is leased in an "as is" condition, and no employee or representative of the lessor is authorized to make a representation, guarantee, or warranty, either expressed or implied, including, but not limited to a warranty of fitness for a particular purpose. The contract asserts the lessor shall not be responsible for any direct, indirect, special or consequential damages of any nature. The trial court's summary judgment reviews Ohio law with regard to summary judgment, and finds reasonable minds could come but to one conclusion on all claims set forth in the complaint, and that there are no genuine issues as to any material fact. Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A reviewing court reviews a summary judgment by the same standard as a trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. The contract presented to the court does not contain the appellant's signature, and no evidence was presented appellee even advised the appellant of the rental terms or secured his signature acknowledging the contract. In Orlett v. Suburban Propane (1989), 54 Ohio App.3d 127, the Court of Appeals for Warren County held a contractual exemption of liability for negligence is disfavored in law and must be strictly construed against the party relying upon it. If a contractual provision exempts the party from liability for its own negligence, that provision will be enforced if the contracting parties stand in roughly equal bargaining position or when the position are somewhat equal and the inferior party has an option of excluding the exemption for additional consideration. The contract will not be enforced where one of the parties lacks a meaningful choice and the contract is unreasonably favorable to other party, syllabus by the court. Our review of the record on summary judgment leads us to conclude the trial court erred as a matter of law. On this record, we are not prepared to hold the language in the unsigned contract precludes any possibility of recovery. We find the summary judgment was premature, and the record is not sufficiently developed to make it ripe for summary judgment. The assignment of error is sustained. For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., HOFFMAN, J. and FARMER, J. CONCUR.